The STATE of Texas, Appellant,

v.

William Gerald CARRANZA, Appellee.

Nos. 09–04–411 CR, 09–04–412 CR.

Court of Appeals of Texas,
Beaumont.

Submitted March 17, 2005.

Decided April 20, 2005.

Michael A. McDougal, Dist. Atty., Gail Kikawa McConnell, Asst. Dist. Atty., Conroe, for state.

Jay M. Wright, Conroe, for appellee.

Before GAULTNEY, KREGER and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

In two causes of action, the State appeals the trial court's order granting appellee William Gerald Carranza's motion to suppress physical evidence.[1] In a single point of error, the State contends that as a matter of law the trial court erred in requiring the police to have reasonable suspicion before knocking on a hotel room door. We agree and reverse the trial court's order granting the motion to suppress.

While on a routine patrol around the business areas of Rayford/Sawdust, Deputies Michael Uber and Katie Allison pulled into the Red Roof Inn and asked the hotel desk clerk if there had been any "high traffic" entering and exiting any of the hotel rooms. The clerk indicated there was high traffic for one hotel room and Deputy Uber recognized the name of the person registered to that room as someone connected with drug activity. At the motion to suppress hearing, Deputy Uber testified he did not recall the clerk's name or gender, did not recall whether the clerk had given him reliable information about criminal activity in the past, but did recall seeing the clerk behind the front desk wearing a name tag.

The deputies left the front desk, went to a business next door, and observed the hotel room for ten to fifteen minutes. The deputies observed three to four people, one of whom Deputy Uber recognized as someone he knew to have previously engaged in drug activity, enter and exit the room. After determining that unusual activity was occurring in the hotel room, the deputies approached the hotel room door and knocked. Carranza opened the door, then shut it while blocking it with his body. Deputy Uber asked Carranza for his consent to search the room. Carranza said "yes," stepped back, and opened the door to let the deputies enter. Deputy Allison testified that Carranza said something similar to, "I'm not hiding anything if you guys want to come in and search...." Deputy Allison searched the room and found a crack pipe, a bag of cocaine, marijuana, and other drug paraphernalia.

The trial court did not file findings of fact or conclusions of law on the record. The record indicates the trial court made its determination based on the hotel clerk's tip. According to the trial court, "if the tip isn't valid, [the] search isn't valid." The court further stated, "Right now this officer has said he doesn't know the name of the [clerk], he's not sure whether it's male or female. That's not credible testimony ... to say that we can rely on that to go knock on somebody's door." The record demonstrates the trial court required that the reasonable suspicion to knock on Carranza's door be based upon a credible and reliable tip.

This Court reviews a trial court's ruling on a motion to suppress for an abuse of discretion. *Dyar v. State*, 125 S.W.3d 460, 462 (Tex.Crim.App.2003). We give almost total deference to the trial court's determination of historical facts,

1. The two causes were heard together at trial. We consider them together on appeal.

while conducting a de novo review of the trial court's application of the law to those facts. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App.2000) (citing *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex.Crim. App.1997)). The trial court is the exclusive finder of fact. *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App.2000). When the trial court does not file findings of fact, we will view the evidence in the light most favorable to the trial court's ruling and we will assume the trial court made implicit findings of fact in support of its ruling as long as those findings are supported by the record. *Id.* The trial court's decision will be upheld if it is "correct on any theory of law applicable to the case. ..." *Id.* at 855–56.

Under both federal and state law, a police officer may approach a citizen in a public place or knock on a door to ask questions or seek consent to search. *State v. Perez*, 85 S.W.3d 817, 819 (Tex.Crim. App.2002); *Hunter v. State*, 955 S.W.2d 102, 104 (Tex.Crim.App.1997). The officer need not have reasonable suspicion to do so as long as the officer does not indicate that compliance is required. *Hunter*, 955 S.W.2d at 104. The record shows the deputies knocked on Carranza's door, Carranza opened the door, the deputies asked for consent to search the room, and Carranza gave consent by saying "yes," and then stepping away from the door stating he had nothing to hide. The record does not indicate that Carranza was led to believe he had no right to refuse consent. The deputies did not need a reasonable suspicion to legally knock on Carranza's hotel room door.

We find the trial court abused its discretion in requiring reasonable suspicion to knock on a hotel room door. The State's sole issue is sustained.

Having sustained the State's sole issue, we reverse the trial court's order granting Carranza's motion to suppress and remand this cause to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.