# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00658-CR

**Worthington Faulkner, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 00-1984, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Worthington Faulkner appeals his conviction for possession of a controlled substance, cocaine, in an amount of less than one gram, enhanced by four prior felony convictions. The jury found appellant guilty of the primary offense and found as "true" the allegations about the prior convictions, in accordance with appellant's plea of "true." The jury assessed appellant's punishment at fifteen years' imprisonment and a fine of $500.

### OUT-OF-TIME APPEAL

Appellant's trial concluded on July 12, 2000. The next day, appellate counsel was appointed for appellant. No appeal was ever taken. On July 21, 2005, appellant filed a post-conviction writ of habeas corpus alleging, *inter alia*, the ineffective assistance of counsel on appeal. Appointed counsel filed an affidavit averring that he filed a motion for new trial which was overruled by operation of law, but he gave no notice of appeal and took no action to prosecute the appeal. On

July 21, 2006, the trial court entered findings of fact and recommended to the Texas Court of Criminal Appeals that relief be granted on the basis of ineffective assistance of counsel. In an unpublished opinion, the court of criminal appeals granted appellant an out-of-time appeal. *Ex parte Worthington Faulkner*, No. AP-75,497 (Tex. Crim. App. Sept. 13, 2006), *available at* http://www.cca.courts.state.tx.us/opinions/HTMLopinionInfo.asp?OpinionID=14381 (not designated for publication). Mandate issued on October 12, 2006. New counsel was appointed, the new motion for new trial was overruled by operation of law, and notice of appeal was given. The trial court certified the right of appeal.

## STATEMENT OF FACTS

At appellant's trial in 2000, the State called four witnesses to testify: the two arresting officers, a forensic chemist, and a detective in the chain of custody of the cocaine found. Appellant did not testify, call any witnesses, or present evidence.

On February 2, 2000, around 10:30 p.m., Austin Police Officers Jose Reyes and Abdul Khaliq were on patrol individually. They were alerted by the police dispatcher to a loud-music complaint about apartment 111B in the Eddington Apartment Complex, located at 2510 Elmont in southeast Austin. Officer Reyes lived at the apartment complex with his wife, who was the manager of the apartments. He described the units as "efficiencies," much like a studio with room dividers.

Officers Reyes and Khaliq arrived in separate police vehicles. They went to apartment 111B together and spoke to the resident. Officer Khaliq noted that the music was not unreasonably loud. Nevertheless, the resident agreed to turn his music down. From where they

2

were standing, the officers could hear extremely loud music, obviously violating the city noise ordinance, coming from apartment 112B[1] adjacent to apartment 111B. The officers knocked on the door, and appellant opened the door. He was not known to either officer. Appellant was wearing a pair of blue jeans, partially unbuttoned, and his belt was unbuckled. Appellant was not wearing a shirt, socks, or shoes. Officer Reyes said that in these situations, that he had a habit of taking a quick look for "safety" reasons. When the door opened and Officer Reyes was standing outside of the apartment, he saw something on an inside counter, three or four feet from the doorway. He had a clear and unobstructed view of a mirror, razor blade, and white powder which appeared to be cocaine on the counter.

Officer Khaliq began to converse with appellant, telling him that his music was too loud. Officer Khaliq asked, "Do you mind if we come in?" Appellant replied, "Come on in. Let me get a shirt on." Officer Reyes elbowed Officer Khaliq and said, "Look. Hey, do you see that?" Officer Khaliq immediately saw the contraband, the razor blade, and the mirror "right in the doorway."

When appellant returned to the doorway, Officer Reyes entered the efficiency apartment, informed appellant of his arrest for possession of cocaine, and secured the cocaine for evidence. Appellant was alone in the apartment, which he acknowledged was his. He gave the officers his driver's license for identification and gave them the keys to lock the apartment when they left. Officer Khaliq received a positive result when he performed a field test on the substance

---

[1] The apartment is sometimes referred to in the record and the briefs as "Apartment 112C." It appears to be the same apartment whatever the designation.

3

found in the apartment. The substance was placed in a evidence bag and a chain-of-custody form was completed at the jail.

Marynelle Villarreal, a forensic chemist with the Austin Police Department, testified that her chemical analysis of the substance showed that it was cocaine of less than one gram. Detective Joseph Lukas gave testimony that completed the chain of custody of the cocaine. Appellant offered no evidence.

The case was submitted to the jury, including instructions under article 38.23(a). Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005).[2]

## POINT OF ERROR

In his sole point of error, appellant complains that the "trial court erred in finding the appellant guilty of possession of a controlled substance because the evidence presented in the trial of appellant should have been suppressed."

In stating his point of error, appellant overlooks the fact that the jury, not the trial court, convicted appellant. He briefly states the facts, cites the Fourth Amendment to the United States Constitution, and contends that the burden of proof is on the State to show consent to search as an exception to the requirements of the Fourth Amendment. Appellant asserts, without recitation of proven facts, that he never invited the officers into his apartment, never gave consent to search, and did not give the officers reason to fear for their safety. As noted, appellant did not offer

---

[2] A defendant is normally entitled to a jury instruction under article 38.23 only when the evidence heard by the jury raises an affirmatively contested issue of fact that is material to the lawfulness of the challenged conduct in obtaining the evidence. *Madden v. State*, 242 S.W.3d 504, 508-11 (Tex. Crim. App. 2007).

4

any evidence and he does not point to any affirmatively contested issue of fact that is material to the lawfulness of any challenged conduct in obtaining the evidence. *See Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). He only calls attention to Officer Reyes's testimony that he did not remember what appellant said regarding permission to enter the apartment because the conversation was with the other officer. Officer Reyes had testified that he was outside the apartment, where he had a right to be,[3] when appellant opened the door. It was then that Officer Reyes observed in plain view, the contraband on the counter inside the apartment. Appellant does not brief or mention the plain-view observation or plain-view seizures.

In arguing that the trial court erred in failing to suppress evidence of the seizure of cocaine in his apartment, appellant does not explain or even mention how his claimed error was preserved. A defendant may challenge the legality of a search or seizure and preserve error in the process in one of three ways: (1) by filing a pretrial motion to suppress evidence, obtaining a hearing, and securing an adverse ruling; (2) by waiting until trial on the merits, objecting when the alleged unlawfully obtained evidence is offered, and securing a ruling; or (3) by raising a factual dispute concerning the circumstances of the search or seizure and requesting an article 38.23(a) jury instruction and a ruling thereon.

---

[3] Because this was an encounter between a citizen and the police officers, the officers did not need reasonable suspicion to knock on appellant's door. *State v. Garcia-Cantu*, PD-0936-07 & PD-0937-07, 2008 Tex. Crim. App. LEXIS 581 at *15-16 (Tex. Crim. App. May 7, 2008); *State v. Perez*, 85 S.W.3d 817, 818 (Tex. Crim. App. 2002); *State v. Carranza*, 162 S.W.3d 407, 409 (Tex. App.—Beaumont 2005, pet. ref'd). Absent express orders against trespass, a police officer, like a common citizen, has a right to approach the front door of a residence and knock. *Cornealius v. State*, 900 S.W.2d 731, 734 (Tex. Crim. App. 1995).

In the instant case, there is no record of any trial objection to evidence of the officers obtaining the cocaine in appellant's apartment. Appellant did not preserve error in this manner. A pretrial motion to suppress evidence was filed. The proposed orders attached to the motion, which set the motion for hearing and sought a ruling on the motion, are undated, unsigned, and the blanks therein are not filled out. There is no court reporter's record of a suppression hearing or a docket sheet entry indicating such a hearing or ruling by the trial court. There is a passing reference during Officer Khaliq's trial testimony to a hearing on May 2, 2000, but the hearing was not identified. Appellant makes no claim that there was a pretrial suppression hearing.

When a pretrial motion to suppress evidence is heard and overruled, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); *Lemons v. State*, 135 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, no pet.). This might account for appellant's failure to object at trial if there had been a suppression hearing and an adverse ruling, but we have no positive evidence of such hearing in this record. The State urges that, even when there is an adverse pretrial suppression ruling, a defendant waives his claim to the inadmissibility of the challenged evidence when he has "no objection" to the offer of the complained-of evidence at trial. *See Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992). The State does not rely upon appellant's expressed "no objection" at trial, but calls attention to a pretrial hearing on appellant's motion in limine, heard just before trial. Item 8 of appellant's motion in limine stated:

6

8. That certain articles seized as a result of search warrants may be offered into evidence. Defendant requests that the Court determine prior to their offer, outside the presence of the jury the legality of such search an[d] seizure.[4]

At the hearing the prosecutor voiced her objections to the trial court about several items in appellant's motion in limine. The colloquy in the record reflects:

Ms. McCracken
[prosecutor]: No. 8, certain articles seized as a result of search warrants may be offered into evidence. I would just say we're clear on this. I'm assuming we can go ahead with the cocaine in his apartment.

Mr. Garza
[defense counsel]: No problem.

As the parties appeared to agree, the trial court made no ruling on item 8. The State urges that defense counsel's "no problem" is equivalent to "no objection" to the offer of the challenged evidence at trial.

Even though appellant did not secure an adverse pretrial suppression ruling, or object at trial, and/or waived any preservation of error earlier obtained, he did not waive his right to a jury instruction under article 38.23(a). *Holmes v. State*, 248 S.W.3d 194, 202 (Tex. Crim. App. 2008). Article 38.23(a) is the Texas exclusionary rule.[5] There is a definite distinction between the

---

[4] There is, of course, no search warrant in the case. The seizure of the cocaine was without a warrant and appellant's arrest was warrantless.

[5] Article 38.23(a) provides:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or the

7

admissibility of evidence under the first sentence of article 38.23(a), which is decided solely by the trial court, and the second sentence concerning the jury's role under article 38.23(a) in considering evidence that has already been admitted before the jury.[6] This distinction is well explained in *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000). The second sentence of article 38.23(a) can operate only if the trial court has admitted evidence and only if there is a contested issue of fact about the obtaining of evidence. *Id.* There is nothing to instruct the jury about if the suppression question is one of law only, and there is nothing to instruct the jury about unless there is affirmative evidence

---

> Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005).

[6] In *Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008), the Court stated:

> We reiterated this view most recently in our unpublished *Hromadka* decision [*Hromadka v. State*, No. PD-1329-00 (Tex. Crim. App. Apr. 9, 2003), *available at* http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=114,629 (not designated for publication)]:
>
> > [T]he issue presented to the trial judge—the admissibility of evidence—is independent of the issue given to the jury in the charge—whether the evidence may be considered in reaching a verdict. A defendant's decision whether to seek the judge's ruling on admissibility does not affect his right to have the jury instructed on a particular issue.

8

that raises a contested fact issue, a conflict concerning a specific historical fact that is material to the legality of obtaining the evidence. *Holmes*, 248 S.W.3d at 199-200.

There are three requirements that a defendant must meet before he is entitled to a jury instruction under article 38.23(a): (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) that contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Madden*, 242 S.W.3d at 510. There must be a genuine dispute about a material fact. *Id.*; *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004).

Was there a genuine dispute about a material fact in the instant case about the legality of the officers obtaining the cocaine? Officer Reyes testified that he took a quick look for safety reasons when appellant opened his apartment door. While standing outside the apartment, Officer Reyes made a "plain view observation" of a mirror, a razor blade, and a white powder that he recognized as cocaine on a counter just inside the apartment.

"What a person knowingly exposes to the public, even in his own home or office, is not subject to Fourth Amendment protection. . . . It is simply not a search to observe that which is open to view." *Long v. State*, 532 S.W.2d 591, 594 (Tex. Crim. App. 1975) (citations omitted). "An officer who is able, without intruding upon a suspect's reasonable expectation of privacy, to observe matters does not, in taking advantage of that opportunity by making the observation, engage in a 'search.'" 40 George E. Dix & Robert O. Dawson, *Texas Practice*: *Criminal Practice and Procedure* § 5.24 (2d ed. 2001). The rise of the term "plain view" or "plain view observation"

9

must be distinguished from the phrase "plain view seizure." *Id.* (citing *Horton v. California*, 496 U.S. 128, 133 n.5 (1990)).

Here, there was no dispute about Officer Reyes's testimony. There were no facts affirmatively contesting his version of the events. Officer Khaliq testified that Officer Reyes nudged him before either of them entered the apartment and Officer Reyes told him to "look" and pointed to the counter where Officer Khaliq observed, in plain view, the white-powder contraband. Officer Khaliq did not change his trial testimony. His answers on cross-examination acknowledged that in his written report and in some earlier hearing, he indicated that he entered the apartment before he observed the cocaine in plain view. He stated that this was incorrect. He and Officer Reyes did not enter the apartment until after appellant returned with his shirt on.

Officer Khaliq testified that when the shirtless appellant answered the knock on the door, appellant was told that his music was too loud and asked if the officers could enter the apartment. Officer Khaliq said that appellant responded, "Come on in, let me get a shirt on." Such testimony as to voluntary consent to enter the apartment went unchallenged. Once legally inside the apartment with appellant's consent, the officers were in a position where they had a right to be and to seize any contraband within plain view or plain-view observation. A review of the record shows that there was no genuine issue about the legality of the officers obtaining the cocaine. Appellant was not entitled to an article 38.23(a) jury instruction. Appellant therefore received more from the trial court than he deserved when such a charge was given.

Not having preserved error as to the trial court's admission of the complained-of evidence and having received a gratuitous article 38.23(a) jury charge, we find no merit in appellant's sole point of error.

The judgment of conviction is affirmed.

_____

John F. Onion, Jr., Justice

Before Justices Pemberton, Waldrop and Onion*

Affirmed

Filed:   July 10, 2008

Do Not Publish

* Before John F. Onion, Jr., Presiding Judge (retired), Texas Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 2005).