In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-02-00174-CR
____________

IVAN RODRIGUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 13
Harris County, Texas
Trial Court Cause No. 1086270




MEMORANDUM OPINION
           Ivan Rodriguez, appellant, was charged with the misdemeanor offense of possession
of marihuana. After the trial court denied appellant’s motion to suppress, appellant entered
a plea of guilty. The trial court assessed the appellant’s punishment at eight days
confinement in the Harris County Jail. In two points of error, appellant complains that the
trial court committed reversible error in overruling his motion to suppress.
Background
           At about 8:40 p.m., Houston Police Officers Joseph Ramirez and Willie Hassan were
called to a location in north Houston to investigate a possible vehicle burglary. At the
motion-to-suppress hearing, Ramirez testified on direct examination that, as they were
driving up to investigate the burglary, appellant was walking away from the area. Ramirez
testified that he approached appellant and asked appellant if he had seen anything or had any
information. Appellant did not reply, took a step back, and hid his hands behind his back. 
Ramirez testified that appellant’s reaction startled him. Ramirez then asked appellant, “Let
me see your hands,” but appellant did not comply. Ramirez asked appellant two more times,
“Let me see your hands,” but appellant still did not comply. Ramirez then drew his pistol,
pointed it at appellant, and gave him the command again. Appellant did not comply but kept
stepping back, and, at that point, Ramirez approached appellant with his pistol still pointed
at him. Appellant finally complied. Appellant did not have anything in his hands. Fearing
for his safety, Hassan conducted a pat-down for weapons, but did not find any. The officers
asked appellant what he was grabbing for, and appellant responded, “I have marihuana in my
pocket.” The officers retrieved marihuana from appellant’s pocket and from appellant’s
ankle. Appellant was arrested for possession of marihuana.
Discussion
Standard of Review
           We review a trial court’s ruling on a motion to suppress evidence for abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Taylor v. State,
945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). The Court will
afford almost total deference to a trial court’s determination of historical facts that the record
supports, especially when the findings are based on the evaluation of credibility and
demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The fact finder is
the sole judge of the witnesses’ credibility and may accept or reject any or all of the
witnesses’ testimony. Taylor, 945 S.W.2d at 297. In reviewing a ruling on a question of
application of law to facts, we review the evidence in the light most favorable to the trial
court’s ruling. Guzman, 955 S.W.2d at 89.
Motion to Suppress
           In his first two points of error, appellant claims the trial court erred in denying his
motion to suppress because the officers lacked reasonable suspicion to detain and search him
for weapons and the officers did not have a right to continue his detention after the search
failed to reveal any weapons. Police officers do not violate the Fourth Amendment by
merely approaching an individual on the street or in another public place and asking him
questions. See State v. Perez, 85 S.W.3d 817, 819 (Tex. Crim. App. 2002). Such interaction
is merely an encounter and does not rise to the level of an investigative detention. Id. 
Therefore, in this case, the officers’ interaction with the appellant was simply an encounter,
which does not require reasonable suspicion.
           Additionally, an officer, without probable cause, may conduct a limited search of a
detainee’s outer clothing for weapons, when specific and articulable facts lead him to
reasonably conclude that the person with whom he is dealing is armed and dangerous. Terry
v. Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 1879-80 (1968); Davis v. State, 829 S.W.2d 218, 220
(Tex. Crim. App. 1992). In this case, Ramirez testified that he approached appellant and
asked him if he had seen anything relating to the alleged burglary. Ramirez testified that
appellant responded by hiding his hands behind his back and would not show his hands after
several requests by Ramirez to do so. Ramirez testified that as a result of appellant’s non-compliance, he drew his pistol and ordered appellant to show his hands. Ramirez stated that
as a result of appellant’s conduct, he searched appellant for weapons as a safety precaution.
           Appellant also contends that, once the officers searched him and found no weapons,
any further detention was unauthorized. Appellant claims that the officer’s questioning was
a continued detention. In Williams v. State, the Beaumont Court of Appeals, dealing with
a similar issue, held that, they “know of no authority which prevents an officer from merely
asking a suspect what is in his [the suspect’s] pocket after having conducted a proper Terry
pat-down.” Williams v. State, 27 S.W.3d 688, 690 (Tex. App.—Beaumont 2000, no pet.). 
We conclude that the officer’s questioning after appellant’s pat-down for weapons was not
a continued detention. We overrule appellant’s two points of error.
 
 
 
 
 
 
Conclusion
           Based on the record before us, we hold that the trial court did not err in denying
appellant’s motion to suppress. We affirm the trial court’s judgment.
 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Do not publish. Tex. R. App. P. 47.