Sindt v. SOT












NUMBER 13-02-00264-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JOHN SINDT, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court at Law Number One


of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez


Opinion by Justice Hinojosa



 This is an appeal from the trial court's order denying a motion to suppress filed by
appellant, John Sindt. The motion asserted that all evidence obtained by the State in this
case resulted from an illegal detention. Following the denial of his motion to suppress,
appellant pleaded nolo contendere to the offense of driving while intoxicated. The trial
court has certified that this case "is a plea-bargain case, but matters were raised by written
motion filed and ruled on before trial and not withdrawn or waived, and the defendant has
the right of appeal." See Tex. R. App. P. 25.2(a)(2). By two points of error, appellant
contends the trial court erred in denying his motion to suppress. We affirm.

 As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here. See Tex. R. App. P. 47.4.

A. Standard of Review


 We review a trial court's ruling on a motion to suppress under an abuse of discretion
standard. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court is the sole trier of fact and judge
of the weight and credibility of the evidence. State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999). We must afford almost total deference to the trial court's determination
of historical facts supported by the record and its rulings on application of law to fact
questions, or "mixed" questions of law, when those fact findings involve an evaluation of
the credibility and demeanor of witnesses. Carmouche v. State, 10 S.W.3d 323, 327-28
(Tex. Crim. App. 2000); Maestas v. State, 987 S.W.2d 59, 62 (Tex. Crim. App. 1999). 
However, we review de novo mixed questions of law and fact that do not turn on an
evaluation of credibility and demeanor. Maestas, 987 S.W.2d at 62; Guzman, 955 S.W.2d
at 89. If the issue is whether an officer had probable cause to seize a suspect, under the
totality of the circumstances, the trial judge is not in an appreciably better position than the
reviewing court to make that determination. Ornelas v. United States, 517 U.S. 690, 699
(1996); Guzman, 955 S.W.2d at 87; see also Loserth v. State, 963 S.W.2d 770, 772 (Tex.
Crim. App. 1998).

B. Analysis


 By his two points of error, appellant contends he was illegally detained by Corpus
Christi Police Officer David D. Gibson solely on an anonymous tip, and that such illegal
detention violated his Fourth Amendment rights.

 Not every interaction between police officers and citizens implicates the Fourth
Amendment. Florida v. Bostick, 501 U.S. 429, 434 (1991). The court of criminal appeals
has recognized three types of interactions between law enforcement officers and citizens: 
(1) encounters; (2) investigative detentions; and (3) arrests. State v. Perez, 85 S.W.3d
817, 819 (Tex. Crim. App. 2002). (1) In an encounter, a police officer may approach an
individual in a public place, ask if the person is willing to answer questions, and pose
questions to the person if the person is willing to listen. Id. Such interactions are
consensual and do not trigger the Fourth Amendment so long as a reasonable person
would feel free to disregard the police and go about his business. Hunter v. State, 955
S.W.2d 102, 104 (Tex. Crim. App. 1997). So long as the police do not convey a message
that compliance with their requests is required, they may ask general questions of the
individual, and may ask for identification or request consent to search. Bostick, 501 U.S.
at 435. However, when questioning becomes an investigative detention, the detention
must be supported by a reasonable suspicion. See Ornelas, 517 U.S. at 693; Citizen v.
State, 39 S.W.3d 367, 370 (Tex. App.-Houston [1st Dist.] 2001, no pet.).

 An investigative detention is a confrontation of a citizen by law enforcement officers
wherein a citizen yields to a display of authority and is temporarily detained for purposes
of an investigation. Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995);
Citizen, 39 S.W.3d at 370. An investigative detention requires an officer to have a
reasonable suspicion to believe that an individual is involved in criminal activity. Balentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). The "reasonableness" of a
temporary detention must be examined in terms of the totality of the circumstances and will
be justified when the detaining officer has specific articulable facts, which, taken together
with rational inferences from those facts, lead him to conclude that the person detained
actually is, has been, or soon will be engaged in criminal activity. Id. The controlling
question in determining whether there was a detention is whether the actions of the officer
would have made a reasonable person feel they were not free to decline the officer's
requests or otherwise terminate the encounter. State v. Velasquez, 994 S.W.2d 676, 679
(Tex. Crim. App. 1999).

 In the instant case, the record shows that Officer Gibson did not effect a detention
on appellant until after he was reasonably suspicious that appellant was publicly
intoxicated. When Officer Gibson arrived at the scene, he walked over to a small group
of people in the parking lot. Officer Gibson identified appellant as the driver of the vehicle
and approached him. Upon approaching appellant, Officer Gibson smelled alcohol on
appellant's breath and heard appellant talk to him in a slurred speech. Officer Gibson then
asked appellant if he would submit to a field sobriety test. Once the officer asked this,
appellant was effectively detained because a reasonable person would not feel free to
decline the officer's request. See Velasquez, 994 S.W.2d at 679. 

 Appellant claims that Officer Gibson detained him solely on an anonymous tip. The
record, however, shows that Officer Gibson formed the reasonable suspicion necessary
to initiate the investigative detention based on the anonymous tip, appellant's slurred
speech, and the smell of alcohol on appellant's breath. See Rubeck v. State, 61 S.W.3d
741, 745 (Tex. App.-Fort Worth 2001, no pet.) (finding police officer had a reasonable
suspicion to detain appellant to investigate for driving while intoxicated after detecting
strong odor of alcohol on appellant's breath and noting her slurred speech); Jones v. State,
949 S.W.2d 509, 516 (Tex. App.-Fort Worth 1997, no pet.) (evidence that description of
reportedly intoxicated driver fit appellant and that officer observed appellant with bloodshot
eyes, slurred speech and sluggish movements justified investigatory detention for public
intoxication). We conclude that Officer Gibson's actions in approaching appellant and
asking him some questions, amounts to a mere encounter and does not rise to the level
of a detention. See Perez, 85 S.W.3d at 819 (defendant not detained when police
approached defendant, chased him to his apartment, and knocked on his door); Citizen,
39 S.W.3d at 371 (defendant not detained when police pulled into his driveway, walked up
to him, and talked to defendant while he stood on his porch).

 Therefore, Officer Gibson's initial approach of appellant did not require reasonable
suspicion. We conclude that the investigatory detention of appellant was based on
articulable facts warranting reasonable suspicion and not based solely on an anonymous
tip. Thus, the trial court did not abuse its discretion in denying appellant's motion to
suppress. Appellant's first and second points of error are overruled.

 We affirm the trial court's judgment.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

25th day of August, 2003.
1. The arresting officer in Perez had pulled up next to the defendant walking, chased him to his
apartment after the defendant began fleeing, and knocked on the defendant's door. State v. Perez, 85
S.W.3d 817, 818 (Tex. Crim. App. 2002). When the defendant opened the door, the officer smelled
marihuana. Id. After a search of the premises, the officer found a large bag of marihuana, and subsequently
arrested Perez. Id. The officer's actions up until he smelled the marihuana were deemed to be within the
rubric of an "encounter." Id. at 819.