11th Court of Appeals

 Eastland, Texas

          Opinion

 

Ronnie McWright, Jr. 

Appellant

Vs.                   No. 11-02-00021-CR B Appeal from Harris County

State of Texas

Appellee

 

Derrick Demon Henderson

Appellant

Vs.                   No. 11-02-00022-CR - Appeal from Harris County

State of Texas

Appellee

 

These
appeals arise from a joint prosecution of appellants.  After the denial of their motions to suppress physical evidence,
appellants pleaded guilty to the offense of possession of a controlled
substance, to-wit: codeine.  The trial
court accepted appellants= pleas, deferred their adjudication of guilt, placed them on community
supervision for a term of 7 years, and assessed a $500 fine. Each appellant
brings a sole issue on appeal attacking the trial court=s denial of their motions to suppress
evidence.  We affirm.








We review
a trial court=s ruling on a motion to suppress using a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327
(Tex.Cr.App.2000). We afford almost total deference to a trial court=s determination of historical facts supported
by the record, especially when the trial court=s fact findings are based upon an evaluation of credibility and
demeanor.  State v. Ross, 32
S.W.3d 853, 856 (Tex.Cr.App.2000)(citing Guzman v. State, 955 S.W.2d 85,
88‑89 (Tex.Cr.App.1997)). We afford the same deference to the trial court=s ruling on mixed questions of law and fact,
if the resolution of those questions turns on an evaluation of credibility and
demeanor. Guzman v. State, supra at 89. 
However, we review the trial court=s application of the law to the facts de novo.  Guzman v. State, supra at 89.

Appellants
sought to suppress physical evidence obtained from a vehicle which they
occupied.  The record from the hearing
on the motion to suppress reflects that deputies of the Harris County Sheriff=s Department observed the vehicle occupied by
appellants parked on the parking lot of a gas station at approximately 12:30 a.m.
on March 25, 2001.  The deputies
described the general location as being a high-crime area.  The lights on the vehicle were off, and it
was parked in an area of the parking lot not commonly used by the customers of
the gas station.  The deputies testified
that they parked their vehicle behind appellants= vehicle.  The deputies then
approached appellants=
vehicle in order to identify appellants and determine what they were doing.

As he
approached the driver=s side
of the vehicle, Deputy Jason Brown observed Taco Cabana cups containing a pink
liquid inside of the vehicle.  Deputy
Brown then spoke with the driver of the vehicle.  He further observed that the driver had slurred speech and that
his eyes appeared to be glassy.  Deputy
Brown believed that the driver may have been intoxicated based on this
observation.  Deputy Brown asked the
driver about the liquid in the cups. 
The driver informed him that the cups contained cough syrup.  Deputy Brown then asked the driver to step
out of the vehicle so that he could further investigate the possibility that
appellants were in the possession of an illegal substance.  The passenger was also asked to step out of
the vehicle at this time.  Appellants
subsequently advised the deputies that the original container for the cough
syrup was located in the center console of the vehicle.  The deputies then recovered the original
container of the cough syrup from the vehicle. 
The deputies noted that the prescription label had been removed from the
original container.  Appellants denied
having a prescription for the cough syrup.

Appellant
McWright testified at the hearing on the motion to suppress.  His testimony regarding the initial contact
between appellants and the deputies differed from the deputies= version of the events.  Appellant McWright testified that appellants
were waiting for some friends while they sat in his car on the parking
lot.  Appellants ate food from Taco
Cabana while waiting.  Appellant
McWright testified that the deputies approached him while he was outside
of  the car throwing away trash.  He testified that the deputies instructed
him to stop, come back, and answer some questions.  








Appellants
contend that the deputies did not have sufficient grounds for making the
initial contact with appellants.  There
are three distinct categories of interactions between police officers and
citizens:  encounters, investigative
detentions based on reasonable suspicion, and arrests based on probable
cause.  State v. Perez, 85 S.W.3d
817, 819 (Tex.Cr.App.2002); Francis v. State, 922 S.W.2d 176, 178
(Tex.Cr.App.1996).  Only detentions and
arrests amount to seizures of persons requiring a certain objective level of
suspicion.  Francis v. State,
supra at 178.  An encounter is not a
seizure and requires neither reasonable suspicion nor probable cause.  Francis v. State, supra at 178.  As noted by the Court of Criminal Appeals:

Police officers Ado not violate the Fourth Amendment by merely
approaching an individual on the street or in another public place, by asking
him if he is willing to answer some questions, by putting questions to him if
the person is willing to listen, or by offering in evidence in a criminal
prosecution his voluntary answers to such questions.@  

 

State v. Perez, supra at 819 (quoting Florida v. Bostick,
501 U.S. 429, 434 (1991)).  

Appellants
essentially assert that the deputies= initial contact with them constituted an investigative detention.  Appellant McWright=s version of the events supports this
assertion wherein he testified that the deputies instructed him to Astop.@  However, the deputies= version of the events indicates that the
initial contact only constituted an encounter. 
Under the standard of review applicable to suppression hearings, we
defer to the trial court=s implied determination that the deputies= account was accurate. 
Therefore, the deputies were not required to possess any level of
objective suspicion prior to making contact with appellants.  Deputy Brown=s observation that Appellant McWright appeared to be intoxicated
provided the deputies with sufficient reasonable suspicion to detain appellants
further for investigative purposes.  The
sole issue in each appeal is overruled.

Finally,
Appellant Henderson has filed a motion to dismiss his appeal.  His counsel has filed a subsequent motion
suggesting that Appellant Henderson was coerced into filing the motion to
dismiss.  In the interest of justice, we
have considered the merits of Appellant Henderson=s appeal. His motion to dismiss the appeal and his counsel=s motion requesting a hearing on Appellant
Henderson=s desire to dismiss his appeal are overruled
as moot.

 








The
judgments of the trial court are affirmed. 


 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

September 4, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.