In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



 NO. 09-04-411 CR 


NO. 09-04-412 CR


____________________



THE STATE OF TEXAS, Appellant



V.



WILLIAM GERALD CARRANZA, Appellee






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause Nos. 04-196237, 04-196238






 MEMORANDUM TO CLERK



 You are directed to make the following correction in the Opinion dated April 20,
2005:

 On page 1, we titled this opinion "Memorandum Opinion" with footnote reference
number one. This "Memorandum Opinion" is now titled "Opinion" with the deletion of
footnote number one. Footnote number two now becomes footnote number one.

 You will give notice of this correction in the original Opinion by sending a copy of
the corrected page accompanied by this memorandum to all interested parties who received
a copy of the original Opinion.

 Entered this the 7th day of July, 2005.

 PER CURIAM



In The


Court of Appeals


Ninth District of Texas at Beaumont


____________________


 NO. 09-04-411 CR 


NO. 09-04-412 CR


____________________



THE STATE OF TEXAS, Appellant



V.



WILLIAM GERALD CARRANZA, Appellee






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause Nos. 04-196237, 04-196238






OPINION


 In two causes of action, the State appeals the trial court's order granting appellee
William Gerald Carranza's motion to suppress physical evidence. (1) In a single point of error,
the State contends that as a matter of law the trial court erred in requiring the police to have
reasonable suspicion before knocking on a hotel room door. We agree and reverse the trial
court's order granting the motion to suppress.


 While on a routine patrol around the business areas of Rayford/Sawdust, Deputies
Michael Uber and Katie Allison pulled into the Red Roof Inn and asked the hotel desk clerk
if there had been any "high traffic" entering and exiting any of the hotel rooms. The clerk
indicated there was high traffic for one hotel room and Deputy Uber recognized the name of
the person registered to that room as someone connected with drug activity. At the motion
to suppress hearing, Deputy Uber testified he did not recall the clerk's name or gender, did
not recall whether the clerk had given him reliable information about criminal activity in the
past, but did recall seeing the clerk behind the front desk wearing a name tag. 

 The deputies left the front desk, went to a business next door, and observed the hotel
room for ten to fifteen minutes. The deputies observed three to four people, one of whom
Deputy Uber recognized as someone he knew to have previously engaged in drug activity,
enter and exit the room. After determining that unusual activity was occurring in the hotel
room, the deputies approached the hotel room door and knocked. Carranza opened the door,
then shut it while blocking it with his body. Deputy Uber asked Carranza for his consent to
search the room. Carranza said "yes," stepped back, and opened the door to let the deputies
enter. Deputy Allison testified that Carranza said something similar to, "I'm not hiding
anything if you guys want to come in and search . . . ." Deputy Allison searched the room
and found a crack pipe, a bag of cocaine, marijuana, and other drug paraphernalia. 

 The trial court did not file findings of fact or conclusions of law on the record. The
record indicates the trial court made its determination based on the hotel clerk's tip. 
According to the trial court, "if the tip isn't valid, [the] search isn't valid." The court further
stated, "Right now this officer has said he doesn't know the name of the [clerk], he's not sure
whether it's male or female. That's not credible testimony . . . to say that we can rely on that
to go knock on somebody's door." The record demonstrates the trial court required that the
reasonable suspicion to knock on Carranza's door be based upon a credible and reliable tip. 
 This Court reviews a trial court's ruling on a motion to suppress for an abuse of
discretion. Dyar v. State, 125 S.W.3d 460, 462 (Tex. Crim. App. 2003). We give almost
total deference to the trial court's determination of historical facts, while conducting a de
novo review of the trial court's application of the law to those facts. Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000) (citing Guzman v. State, 955 S.W.2d 85, 88-89
(Tex. Crim. App. 1997)). The trial court is the exclusive finder of fact. State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000). When the trial court does not file findings of fact,
we will view the evidence in the light most favorable to the trial court's ruling and we will
assume the trial court made implicit findings of fact in support of its ruling as long as those
findings are supported by the record. Id. The trial court's decision will be upheld if it is
"correct on any theory of law applicable to the case . . . ." Id. at 855-56.

 Under both federal and state law, a police officer may approach a citizen in a public
place or knock on a door to ask questions or seek consent to search. State v. Perez, 85
S.W.3d 817, 819 (Tex. Crim. App. 2002); Hunter v. State, 955 S.W.2d 102, 104 (Tex. Crim.
App. 1997). The officer need not have reasonable suspicion to do so as long as the officer
does not indicate that compliance is required. Hunter, 955 S.W.2d at 104. The record shows
the deputies knocked on Carranza's door, Carranza opened the door, the deputies asked for
consent to search the room, and Carranza gave consent by saying "yes," and then stepping
away from the door stating he had nothing to hide. The record does not indicate that
Carranza was led to believe he had no right to refuse consent. The deputies did not need a
reasonable suspicion to legally knock on Carranza's hotel room door. 

 We find the trial court abused its discretion in requiring reasonable suspicion to knock
on a hotel room door. The State's sole issue is sustained.

 Having sustained the State's sole issue, we reverse the trial court's order granting
Carranza's motion to suppress and remand this cause to the trial court for further proceedings
consistent with this opinion.

 REVERSED AND REMANDED.


 ____________________________

 HOLLIS HORTON

 Justice


Submitted on March 17, 2005

Opinion Delivered April 20, 2005

Publish


Before Gaultney, Kreger and Horton, JJ.



1. The two causes were heard together at trial. We consider them together on appeal.