Opinion filed November 30,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00304-CR

                                                    __________

 

                                  EDDIE
WEBB BANKS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                                   Trial
Court Cause No. CR19353 

 



 

                                            M
E M O R A N D U M    O P I N I O N

            The
trial court convicted Eddie Webb Banks, upon his plea of no contest, of
possession of cocaine in a drug-free zone with the intent to deliver.  Appellant
entered pleas of true to both enhancement allegations.  Pursuant to a plea
bargain agreement, the trial court assessed punishment at confinement for
twenty-seven years.  We affirm.   

Issue
on Appeal

            In
his sole issue, appellant argues that the trial court erred in denying his
motion to suppress.  Appellant argues that the cocaine found under the vehicle
he was sitting in was obtained as a result of his illegal detention and arrest.

Applicable
Law

In
reviewing a trial court’s ruling on a motion to suppress, appellate courts must
give great deference to the trial court’s findings of historical facts as long
as the record supports the findings.  Torres v. State, 182 S.W.3d 899,
902 (Tex. Crim. App. 2005); Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App.
1997).  Because the trial court is the exclusive factfinder, the appellate
court reviews evidence adduced at the suppression hearing in the light most
favorable to the trial court’s ruling.  Carmouche v. State, 10 S.W.3d
323, 327 (Tex. Crim. App. 2000).  We also give deference to the trial court’s
rulings on mixed questions of law and fact when those rulings turn on an
evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at 87. Where
such rulings do not turn on an evaluation of credibility and demeanor, we review
the trial court’s actions de novo.  Guzman, 955 S.W.2d at
87; Davila v. State, 4 S.W.3d 844, 847-48 (Tex. App.—Eastland
1999, no pet.).  

Evidence
Presented at Suppression Hearing

            Brown
County Deputy Sheriff James Stroop testified that he was on patrol near Cecil
Holman Park in Brownwood when he saw what appeared to be a narcotics
transaction.  The area was known for “high-drug trafficking.”  Deputy Stroop
advised Brownwood Police Officer Brandon Lee Arnold, and Officer Arnold went to
check on Deputy Stroop’s welfare.

            Later,
Deputy Stroop and Officer Arnold began a walking patrol in the area.  Both
officers noticed loud music coming from a car near the park.  The officers saw
appellant sitting inside the car in the driver’s seat.  The driver’s side door
was open, and appellant’s legs were outside of the car.  Other people were
standing around the car.  As the officers began to walk toward the car, there
was ample lighting from the street lights for the people to see that two
uniformed officers were walking toward them.  Appellant remained in the car
while the others started to “move around.”

            Deputy
Stroop and Officer Arnold testified that they approached the car because the
loud music was a violation of a city noise ordinance and to ask appellant to
turn the music down.   Officer Arnold spoke to appellant about the loud music
while Deputy Stroop walked around to the passenger side.  Officer Arnold saw
what looked like tobacco from a cigar on the ground.  Deputy Stroop testified
that the tobacco was “packed pretty tightly” as if it had been “poured out” of
a cigar to make a blunt-type marihuana cigar.  The pile of tobacco was between
the front passenger door and the curb.  Deputy Stroop found a marihuana blunt
in the grass about a foot from the curb.  Deputy Stroop described a marihuana
blunt as “cigar paper that has had the tobacco dumped out and marihuana placed
inside of it in order to smoke the marihuana.”

            While
Deputy Stroop and Officer Arnold were talking about the blunt and how Deputy
Stroop was going to go get his canine for a free-air search, both officers saw
appellant make furtive gestures inside the car.  Deputy Stroop stated that he
did not have the best vantage point but that, through the car’s tinted windows,
he could see appellant making movement toward the center of the car.  Deputy
Stroop was concerned that appellant was retrieving a weapon.  Deputy Stroop
moved toward the back of the car and noticed that appellant’s movements were
focused on the console area of the car.  Officer Arnold testified that, while
it was hard to see clearly through the tinted windows, he saw appellant make
movements toward the center console of the car.

            Appellant
then got out of the car.  Deputy Stroop testified that he had never seen anyone
get out of a car the way appellant did.  Appellant put his hands “way down to
the ground” as if he was putting his hands under the car.  Deputy Stroop
described it as an “odd way to exit a vehicle.”

            Deputy
Stroop left to retrieve his dog.  He was gone less than five minutes.  When he
returned, Deputy Stroop explained to appellant that his dog was trained to
alert on marihuana, cocaine, methamphetamine, and heroin.  Deputy Stroop
testified that there was a light wind blowing from the driver’s side toward the
passenger side of the vehicle.  The dog alerted on the passenger side of the
car and tried to go underneath the car.

            Officer
Arnold testified that he then looked under the car and saw a Newport cigarette
box.  The Newport box was in close proximity to the driver’s side toward the
center of the car.  Officer Arnold used his baton to retrieve the box.

            Inside
the box, Officer Arnold found two baggies.  One baggie contained marihuana.  The
other baggie contained what appeared to be crack cocaine.

            The
officers secured the area and read appellant as well as the others their Miranda[1]
rights.  Deputy Stroop testified that, based on appellant’s furtive movements,
the location of the contraband and how it was packaged, and the statements of
the other people around the car, he decided to charge appellant.

            Officer
Arnold testified that, after appellant was arrested, he searched the car.  Inside
the center console, Officer Arnold found “numerous Newport cigarettes that
appeared to be hastily dumped.”  The cigarettes matched the box containing
cocaine that was previously retrieved from underneath the car.  Officer Arnold
did not recall seeing a Newport cigarette box inside of the car.  Later,
appellant asked to smoke one of the cigarettes.

Analysis

            Appellant
argues that the cocaine was discovered under the car as a result of his illegal
detention.  Appellant further contends there was no probable cause for his
arrest.  Therefore, the trial court erred in denying his motion to suppress the
cocaine found in the Newport cigarette box. 

            The
State contends that there is no evidence that appellant was illegally detained,
that his liberty was not restricted until he was placed under arrest after the
cocaine was found abandoned as trash underneath the car, and that appellant had
no expectation of privacy for the cigarette box of cocaine or for the free-air
canine search of the car.  Therefore, the arrest was a valid warrantless
arrest, and the trial court did not err.

            The
record reflects that, in a very short period of time, the officers approached
appellant as he was sitting in a car that was parked on a public street at
night in a known drug-trafficking area, asked him to turn down his music, found
a pile of tobacco between the car and the curb, found a marihuana blunt, and
observed appellant make both furtive gestures toward the console inside the car
and then exit the car in an “odd” manner with his hands going underneath the
car.  About five minutes later, the drug dog alerted on the car and tried to go
underneath the vehicle.  When Officer Arnold looked underneath the car, he saw
in plain sight a cigarette box on the public street close to the center of the
car on the driver’s side.  Inside the box, he found cocaine and marihuana.  At
that point, the officers secured the scene and arrested appellant.

            The
record supports the trial court’s conclusions that the officers’ actions and
the arrest were valid and that the Newport box of marihuana and cocaine was
admissible evidence.  As the Court of Criminal Appeals stated in State v.
Perez, 85 S.W.3d 817, 819 (Tex. Crim. App. 2002), Texas courts recognize
three distinct categories of interactions between law enforcement officials and
citizens:  encounters, detentions, and arrests.  Assuming without deciding that
the present interaction was something other than an encounter, it was at most
an investigatory detention.  The presence of the tobacco on the street between
the car and the curb, the nearby marihuana blunt in the grass, appellant’s
furtive gestures, and his “odd” exit of the car together with the fact that
this took place in a known drug-trafficking area gave the officers sufficient
reasonable suspicion to investigate possible criminal activity.  Terry v.
Ohio, 392 U.S.1, 30-31 (1968); State v. Sheppard, 271 S.W.3d 281,
286-87 (Tex. Crim. App. 2008).  

The
State correctly asserts that voluntarily abandoned property is not afforded
Fourth Amendment protections. California v. Hodarid, 499 U.S 621, 624
(1991); Swearingen v. State, 101 S.W.3d 89, 101 (Tex. Crim. App. 2003). 
The cigarette box of cocaine and marihuana was abandoned property.   Likewise,
the State also is correct in asserting that canine searches that disclose only
the presence of contraband are not afforded Fourth Amendment protections.  Illinois
v. Caballes, 543 U.S. 405, 409 (2005).

            Appellant
has not established that the trial court erred in denying the motion to
suppress.  The sole issue is overruled.        

Holding

            The
judgment of the trial court is affirmed.

 

 

                                                                                    TERRY
McCALL

                                                                                    JUSTICE

 

November 30,
2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]Miranda v. Arizona, 384 U.S. 436  (1966).