

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00411-CR

Dominique Paul **GRAHAM**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Guadalupe County, Texas
Trial Court No. CCL-11-1291
Honorable Frank Follis, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:          Karen Angelini, Justice
                 Marialyn Barnard, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  April 17, 2013

AFFIRMED

This is an appeal from the trial court's denial of a motion to suppress in a DWI case. After the trial court denied the motion, Appellant Dominique Paul Graham pled guilty and was sentenced to five days in jail, $1000.00 fine and court costs. On appeal, he argues that the trial court erred in denying his motion to suppress. We affirm the trial court's judgment.

At the hearing on the motion to suppress, Department of Public Safety Patrolman Rudolph Williams testified that at 2:30 a.m. on March 7, 2011, he was on routine patrol in Guadalupe County when he noticed a vehicle stopped forty to fifty feet before a stop sign in the

middle of the roadway. After he passed the vehicle, he saw in his rearview mirror that the driver made a wide right turn. Patrolman Williams testified that he then turned around to try to catch up with the vehicle. As he was doing so, Patrolman Williams saw the vehicle weaving from lane to lane and then turn into a subdivision. According to Patrolman Williams, after the vehicle turned into the subdivision, it almost struck a car parked on the left side of the roadway. The vehicle then turned into a driveway.

The driver of the vehicle, whom Patrolman Williams identified as Appellant Graham, stepped out of his car and immediately raised his hands up. Patrolman Williams testified that he then asked Graham to step to the sidewalk. Patrolman Williams asked Graham where he was coming from, and Graham responded he was coming from a friend's house after having attended a Spurs game. Patrolman Williams testified that Graham's eyes were glassy and that Graham appeared unstable. Patrolman Williams asked Graham if he had been drinking, to which Graham replied that he had. Patrolman Williams then asked if Graham was in okay condition to drive, and Graham said he was not. Graham produced his driver's license, and Patrolman Williams returned to his patrol car to verify the information on the license. Patrolman Williams then initiated the field sobriety tests, and according to Williams, during the field sobriety tests, Graham exhibited signs of intoxication.

Patrolman Williams testified that during the time that he was asking Graham questions and performing the field sobriety tests, he had legally detained Graham for an investigation of a lawful traffic stop. Patrolman Williams testified that Graham was not free to leave until the investigation was completed. Patrolman Williams also testified that according to Department of Public Safety procedure, *Miranda* warnings are required only if someone is under arrest. And, according to Patrolman Williams, it was only after he administered the sobriety tests that he placed Graham under arrest.

Graham argues that he was under arrest at the time Patrolman Williams began asking him questions. Thus, according to Graham, the trial court abused its discretion in denying his motion to suppress because Patrolman Williams did not give the *Miranda* warnings before interrogating him. The State, on the other hand, argues that Graham was not in custody but instead was the subject of an investigative detention. And, as Graham was detained pursuant to an investigative detention, Patrolman Williams was not required to administer the *Miranda* warnings. Thus, the issue in this appeal turns on whether Graham was under investigative detention or under arrest.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review, giving almost total deference to a trial court's determination of historical facts and reviewing de novo the court's application of the law. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). Further, when the trial court does not make explicit findings of historical fact, we review the evidence in a light most favorable to the trial court's ruling. *Id.* at 327–28.

The need for *Miranda* warnings arises when a person is subjected to a custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). And, article 38.22 of the Texas Code of Criminal Procedure generally precludes the use of statements that result from custodial interrogation. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2005).

There are three distinct categories of interactions between police officers and citizens: (1) encounters; (2) investigative detentions; and (3) arrests. *State v. Perez*, 85 S.W.3d 817, 819 (Tex. Crim. App. 2002). In an encounter, no level of suspicion is necessary because citizens are under no compulsion to remain. *Gaines v. State*, 99 S.W.3d 660, 666 (Tex. App.—Houston [14th Dist.] 2003, no pet.). In an investigative detention, the citizen is not free to leave, at least for some period of time. *Id.* Thus, the officer must have specific articulable facts that, in light of his experience and personal knowledge, together with inference from those facts, would reasonably

warrant the intrusion on the freedom of the citizen stopped. *Id.* That is, there must be a reasonable suspicion by the officer that some unusual activity is or has occurred, that the detained person is connected with the activity, and that the unusual activity is related to the commission of a crime. *Id.* The third interaction, an arrest, occurs when a citizen has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant. TEX. CODE CRIM. PROC. ANN. art. 15.22 (West 2005); *see Gaines*, 99 S.W.3d at 666.

If a citizen is questioned while in custody without first being warned of his *Miranda* rights and without voluntarily waiving those rights, then any evidence obtained as a result of that questioning is inadmissible at trial. *See Miranda*, 384 U.S. at 479; *Hernandez v. State*, 107 S.W.3d 41, 47 (Tex. App.—San Antonio 2003, pet. ref'd). Thus, when considering admissibility of evidence, the *Miranda* protections apply only when an individual is in custody. *Miranda*, 384 U.S. at 479; *Hernandez*, 107 S.W.3d at 47. And, a person is in custody only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with formal arrest. *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984).

Being in custody is distinguishable from being held as part of a temporary investigative detention. *Hernandez*, 107 S.W.3d at 47. While both are "seizures," a temporary investigative detention does not by itself give rise to custody for *Miranda* purposes. *Berkemer*, 468 U.S. at 440. A traffic stop is similar to an investigative detention or "*Terry*" stop, but may escalate into a custodial interrogation depending on subsequent events. *Id.* And, generally, a DWI investigation that includes questioning and field-sobriety tests does not, without more, rise to the level of a custodial interrogation. *See Berkemer*, 468 U.S. at 440–41; *State v. Stevenson*, 958 S.W.2d 824, 828–29 (Tex. Crim. App. 1997).

Reviewing the evidence in the light most favorable to the trial court's ruling, we note that in this case, Patrolman Williams stopped Graham for traffic violations. Patrolman Williams observed signs of intoxication and questioned Graham about his drinking and driving. Patrolman Williams administered field sobriety tests. These facts as testified to by Patrolman Williams amounted to an investigative detention and did not rise to the level of an arrest until Patrolman Williams told Graham he was arresting Graham and placed Graham in handcuffs. Up until that point, Graham was the subject of an investigative detention, and *Miranda* warnings were not required. *See Berkemer*, 468 U.S. at 440–41 (holding that persons temporarily detained pursuant to traffic stop are not "in custody" for purposes of *Miranda*); *Stevenson*, 985 S.W.2d at 828–29 (holding that defendant's admission he was driver of car involved in accident was not result of custodial interrogation, regardless of fact he had become focus of an investigation); *Hernandez*, 107 S.W.3d at 48 (holding that where officer stopped defendant for brief questioning and field sobriety tests, defendant's response to questioning that he had drunk nine beers was result of investigative detention); *Vrba v. State*, 69 S.W.3d 713, 723–24 (Tex. App.—Waco 2002, no pet.) (holding that defendant was not in custody when officer asked him if had been drinking and asked him to perform field sobriety tests).

Accordingly, we hold the trial court did not err in denying Graham's motion to suppress and affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish