Affirmed and Memorandum Opinion filed August 16, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00744-CR

___________________

 

Jonus Lawrence Washington,
Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 174th District Court

Harris County,
Texas



Trial Court Cause No. 1253126

 



 

 

MEMORANDUM OPINION

            Appellant Jonus Lawrence Washington was convicted by a
jury for possessing between one and four grams of cocaine. After pleading true
to two enhancement paragraphs, the jury assessed punishment at thirty years’
imprisonment. In two issues, appellant contends that he received ineffective
assistance of counsel and that the trial court erred by refusing to excuse a
prospective juror for cause. We affirm.

BACKGROUND

            One
evening in October 2009, while patrolling for suspicious activity, Officers
Michael Agee and Jacob Ruiz discovered appellant loitering in a grassy
courtyard of the Breckenridge at CityView apartments. The apartment complex is
located in an area known for its high level of narcotics arrests, burglary of
motor vehicles, and trespassing. To combat crime in the community, the complex
works with the Houston Police Department by employing officers for additional
security detail.

The officers found appellant’s
conduct suspicious because the hour was late, appellant was by himself, and he
did not appear to be heading towards any particular building or vehicle. When
they approached appellant to learn his identity, the officers detected a strong
odor of alcohol and noticed that appellant had bloodshot, glassy eyes.
Appellant told the officers that he was not a resident of the complex, and
further admitted that he had been drinking vodka and smoking marijuana. His
speech was slurred and he had some difficulty walking. To prevent any harm to himself
or to others, the officers took appellant into custody for public intoxication.
In a search incident to arrest, they discovered a plastic bag in appellant’s
right pocket containing rocks of cocaine.

            At
trial, appellant testified in his own defense that he was waiting outside the
complex for a friend to arrive and take him home. Appellant denied telling the
officers that he had been drinking alcohol or smoking marijuana. He also
claimed that the officers planted the cocaine on his person.

In his first issue on
appeal, appellant argues in six subpoints that he received ineffective
assistance of counsel. In his first subpoint, appellant complains that counsel
failed to request a limiting instruction when the State introduced evidence of
extraneous offenses during appellant’s cross-examination. In his second
subpoint, appellant complains that counsel failed to object to the admission of
a Louisiana pen packet, which reflected a number of arrests and unadjudicated
offenses. In his third subpoint, appellant complains that counsel failed to
request an additional peremptory strike after being forced to expend one on a
prospective juror who should have been excused for cause. In subpoints four
through six, appellant complains that counsel failed to move to suppress
evidence admitted pursuant to an allegedly illegal arrest. Finally, in his
second issue on appeal, appellant argues that the trial court erred in refusing
to excuse a prospective juror for cause. Because of their overlapping
discussions, we analyze this second issue together with subpoint three of issue
one.

STANDARD OF REVIEW

            We
review claims of ineffective assistance of counsel under the standard set forth
in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland,
appellant must prove (1) that his trial counsel’s representation was
deficient, and (2) that the deficient performance was so serious that it
deprived appellant of a fair trial. Id. at 687. To establish the first
prong, appellant must show that counsel’s performance fell below an objective
standard of reasonableness. Id. at 688. Regarding the second prong,
appellant must demonstrate that counsel’s deficient performance prejudiced his
defense. Id. at 691–92. To demonstrate prejudice, appellant must show a
reasonable probability that, but for counsel’s unprofessional errors, the
result of the proceeding would have been different. Id. at 694. Failure
to make the required showing of either deficient performance or sufficient
prejudice defeats the claim of ineffectiveness. Id. at 697. This test is
applied to claims arising under both the United States and Texas Constitutions.
Hernandez v. State, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986).

            Our
review of defense counsel’s performance is highly deferential, beginning with
the strong presumption that the attorney’s actions were reasonably professional
and were motivated by sound trial strategy. Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994). When the record is silent as to trial
counsel’s strategy, we will not conclude that appellant received ineffective
assistance unless the challenged conduct was “so outrageous that no competent
attorney would have engaged in it.” Goodspeed v. State, 187 S.W.3d 390,
392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information
to permit a reviewing court to fairly evaluate the merits of such a serious
allegation. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In
the majority of cases, the appellant is unable to meet the first prong of the Strickland
test because the record on direct appeal is underdeveloped and does not
adequately reflect the alleged failings of trial counsel. Mata v. State,
226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

            A
sound trial strategy may be imperfectly executed, but the right to effective
assistance of counsel does not entitle a defendant to errorless or perfect
counsel. See Robertson v. State, 187 S.W.3d 475, 483 (Tex. Crim. App.
2006). “[I]solated instances in the record reflecting errors of omission or
commission do not render counsel’s performance ineffective, nor can ineffective
assistance of counsel be established by isolating one portion of trial
counsel’s performance for examination.” McFarland v. State, 845 S.W.2d
824, 843 (Tex. Crim. App. 1992), overruled on other grounds by Bingham v.
State, 915 S.W.2d 9 (Tex. Crim. App. 1994). Moreover, “[i]t is not
sufficient that appellant show, with the benefit of hindsight, that his
counsel’s actions or omissions during trial were merely of questionable
competence.” Mata, 226 S.W.3d at 430. Rather, to establish that the
attorney’s acts or omissions were outside the range of professionally competent
assistance, appellant must show that counsel’s errors were so serious that he
was not functioning as counsel. Patrick v. State, 906 S.W.2d 481, 495
(Tex. Crim. App. 1995).

ANALYSIS

Limiting Instruction

            In
his first subpoint, appellant argues that he received ineffective assistance of
counsel because his attorney did not request a limiting instruction when the
State introduced evidence of extraneous offenses during appellant’s cross-examination.
Appellant presents this subpoint as an “Issue for Review,” but his brief wholly
fails to discuss or analyze the argument. Without citations to the record or
authority, we conclude that appellant has waived this subpoint. See Tex.
R. App. P. 38.1(i).

Pen Packet

            In
his second subpoint, appellant contends he received ineffective assistance of
counsel because his trial attorney did not object to the admission of a
Louisiana pen packet during the punishment stage of trial. The pen packet
contained records of nearly thirty arrests, but not all of those arrests
resulted in final judgments. Appellant accordingly insists that counsel should
have objected to the pen packet, inasmuch as it contained inadmissible hearsay
of unadjudicated offenses.

            Any
allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged failings of trial counsel. Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Normally, counsel is
afforded an opportunity to explain his actions before being condemned as
unprofessional or incompetent, such as with a hearing on a motion for new trial
or with the filing of an affidavit. See Bone, 77 S.W.3d at 836; Anderson
v. State, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet.
ref’d). But appellant never filed a motion for new trial, and the record is likewise
devoid of any explanation regarding counsel’s reasons or strategy in not
objecting to the admission of the pen packet. Accordingly, appellant has failed
to overcome the presumption that counsel’s actions were sound trial strategy. See
Thompson, 9 S.W.3d at 814; see also Bollinger v. State, 224 S.W.3d
768, 781 (Tex. App.—Eastland 2007, pet. ref’d) (observing that counsel may
choose not to object to evidence because “an objection might draw unwanted
attention to a particular issue”).

            Moreover,
appellant has not shown a reasonable probability that the result of the
proceedings would have been different but for counsel’s failing to object. The
pen packet was offered into evidence at the beginning of the punishment hearing,
but the State never introduced any additional evidence regarding the
allegations contained within it. In fact, the State only referenced a series of
convictions to which appellant himself had stipulated, including two prior convictions
for possession of a controlled substance in Texas, one conviction for attempted
possession of a firearm in Texas, and two convictions for possession of a
controlled substance in Louisiana. Appellant also testified previously that he
was on parole at the time of his arrest and that he had been convicted of other
crimes, including several crimes in Louisiana. Although the State referred to
appellant as a “habitual” offender during closing argument, no specific
references were made to any of the unadjudicated offenses in the pen packet.

            Defense
counsel pleaded with the jury to return a verdict of twenty-five years’
imprisonment, which was the minimum punishment allowed for the charged offense.
The State asked the jury to confine appellant for fifty years. Appellant
ultimately received thirty years. Viewing the record as a whole, we conclude
that appellant has not shown a reasonable probability that the result of the
proceedings would have been different if counsel had objected to the admission
of the pen packet.

Peremptory Strike and Challenge for Cause

            In
his third subpoint of issue one, appellant complains that counsel failed to
request additional peremptory strikes. Counsel initially challenged a venireperson
for cause because the venireperson suggested that she might be predisposed to
believing a police officer who testifies. The trial court denied the challenge,
leading appellant to expend one of his peremptory strikes. In his second issue,
appellant complains the trial court erred in refusing to excuse the same
prospective juror for cause. We examine both of these arguments together.

            We
review the trial court’s ruling denying a challenge for cause for an abuse of
discretion. Swearingen v. State, 101 S.W.3d 89, 98–99 (Tex. Crim. App.
2003). For challenges based on a venireperson’s alleged bias against the law,
we must determine whether the venireperson’s beliefs would prevent or
substantially impair her from following the law as set out in the trial court’s
instructions. Lagrone v. State, 942 S.W.2d 602, 616 (Tex. Crim. App.
1997). We review the trial court’s decision in light of the venireperson’s voir
dire as a whole. Swearingen, 101 S.W.3d at 99. When the record does not
contain a clearly objectionable declaration by the venireperson, or the record
demonstrates a vacillating or equivocal venireperson, we accord great deference
to the judgment of the trial judge, who was in a better position to evaluate
the venireperson’s demeanor and responses. Id.

            A
challenge for cause is an objection made to a particular venireperson, alleging
some fact which renders the venireperson incapable or unfit to serve on the
jury. Tex. Code Crim. Proc. Ann. art. 35.16(a) (West 2010). A venireperson may
be challenged for cause if she has a bias or prejudice in favor of or against
the defendant. Id. arts. 35.16(a)(9), (c)(2).

            The
proponent of a challenge for cause carries the burden of establishing that his
challenge is proper. Gardner v. State, 306 S.W.3d 274, 295 (Tex. Crim.
App. 2009). This burden is not met until the proponent has demonstrated that
the venireperson understood the requirements of the law and was not able to
overcome her prejudice well enough to follow it. Id.

            As
a reviewing court, we must uphold the trial court’s decision on a challenge for
cause if the court’s decision was correct under any theory of law applicable to
the case, even if the trial court gave an incorrect reason for its decision. Jones
v. State, 982 S.W.2d 386, 389 (Tex. Crim. App. 1998). If the trial court
errs in denying a challenge for cause, the defendant is harmed only if he uses
a peremptory strike to remove the venireperson and thereafter suffers a
detriment from the loss of the strike. Colella v. State, 915 S.W.2d 834,
843 (Tex. Crim. App. 1995); Demouchette v. State, 731 S.W.2d 75, 83
(Tex. Crim. App. 1986). Thus, for error to be reversible, appellant must
(1) exercise his peremptory strike on the venireperson whom the trial
court erroneously failed to excuse for cause; (2) exhaust all remaining
peremptory strikes; (3) be denied a request for additional peremptory
challenges; and (4) identify an objectionable juror who sat on the jury
and whom appellant would have otherwise excused had the trial court granted him
additional peremptory strikes or a challenge for cause. See Johnson v. State,
43 S.W.3d 1, 6 (Tex. Crim. App. 2001).

            Appellant
focuses on the prejudice demonstrated by Juror No. 24. When defense counsel
questioned whether she would be more inclined to believe that a police officer
is truthful because of his occupation, Juror No. 24 stated that she “would
evaluate the testimony, but there would be kind of a little more trust of an
officer.” The prosecutor subsequently attempted to rehabilitate the
venireperson:

[Prosecutor]:             [Juror
No. 24], I believe you indicated at some point to defense counsel especially
that you would tend to believe a police officer because they are a police
officer, but I think at the same time you also said, what I wrote down, you
would listen to all the testimony before you decided or not?

Venireperson:           Yes.

[Prosecutor]:             Is
it fair for me to say that you would listen to the testimony of an officer or
any other witness before you decided if they were credible or not?

Venireperson:           Yes.
As one of the guys put it, an officer would have a little bit of an edge before
they started. I am a high school teacher, I have to listen to sides all the
time, so just because you start off with a[n] edge doesn’t mean my opinion
won’t change.

The Court:                 Any
questions from the defense?

[Defense
Counsel]:  No, sir.

The Court:                 Thank
you, ma’am. You may have your seat with the other panel members. Challenge will
be denied. On 24.

[Defense
Counsel]:  On 24, I was going to renew my challenge based on her response that
she was still giving an edge to a police officer.

The Court:                 Based
on the totality of all she said, I’ll deny your challenge. There’s your way
out.

            The
trial court did not err in refusing to excuse Juror No. 24 for cause. Although
the venireperson initially suggested that she would be biased in favor of a
testifying police officer, she later indicated that she would follow the law and
listen to the witness’s testimony in its entirety. Where, as here, a
venireperson’s answers are vacillating or equivocal, and the venireperson does
not clearly indicate an objectionable declaration, we must defer to the trial
court’s judgment. See Feldman v. State, 71 S.W.3d 738, 744, 747 (Tex.
Crim. App. 2002), superseded by statute on other grounds, Tex. Code Crim.
Proc. Ann. art. 37.071, as recognized in Coleman v. State, No.
AP-75478, 2009 WL 4696064, at *11 (Tex. Crim. App. Dec. 9, 2009); see also
Jones, 982 S.W.2d at 389 (observing that challenges for cause are proper
where prospective jurors have “extreme or absolute positions” regarding the
credibility of witnesses, and not necessarily where they have a “trace of
skepticism” or some lack of impartiality). Accordingly, we conclude that the
trial court did not abuse its discretion in denying appellant’s challenge for
cause.

            Moreover,
even if we were to assume that the trial court erroneously refused to excuse
the venireperson for cause, we do not find that counsel was ineffective for
failing to request additional peremptory strikes. The record is silent as to
why counsel made no such request, and importantly, appellant has not identified
on appeal a single objectionable juror who sat on the panel but for his lack of
peremptory strikes. See Jackson, 877 S.W.2d at 771–72.

 

Suppression of Evidence

            In
subpoints four through six, appellant complains that counsel failed to move to suppress
evidence obtained pursuant to an allegedly illegal arrest. Specifically, he
argues in subpoint four that counsel should have filed a motion to suppress
because the officers lacked probable cause to stop appellant for “loitering.”
In subpoint five, he argues that counsel failed to object to the evidence
obtained as a result of the arrest. In subpoint six, he argues that counsel
failed to request a jury instruction under article 38.23 of the Texas Code of
Criminal Procedure because a fact issue was raised regarding the legality of
the arrest.

            Because
appellant complains of the admission of evidence, to prevail on his claim of
ineffectiveness he must show by a preponderance of the evidence that the result
of the proceeding would have been different but for counsel’s failure to file a
motion to suppress. See Strickland, 466 U.S. at 694. In other words,
appellant must demonstrate that the evidence was inadmissible, that the motion
to suppress would have been granted, and that the remaining evidence would have
been insufficient to support the conviction. See Ortiz v. State, 93
S.W.3d 79, 93 (Tex. Crim. App. 2002); Jackson v. State, 973 S.W.2d 954,
956–57 (Tex. Crim. App. 1998) (per curiam); Hollis v. State, 219 S.W.3d
446, 456 (Tex. App.—Austin 2007, no pet.). Appellant has failed to carry this
burden because the evidence was admissible, having been obtained pursuant to a
legal arrest.

            Under
the exclusionary rule, evidence seized in violation of the Fourth Amendment may
not be admitted against a defendant in a criminal proceeding. See Terry v.
Ohio, 392 U.S. 1, 12 (1968). This rule serves to discourage lawless police
conduct and to maintain the “imperative of judicial integrity” by ensuring that
courts do not become parties to unconstitutional invasions of the rights of
citizens. Id. at 12–13. In determining whether the evidence in this case
was properly admissible, we must therefore consider the circumstances under
which it was seized and whether the officers had probable cause for their
arrest. See Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App.
1995).

We have previously recognized
three distinct categories of interactions between citizens and police officers:
neutral encounters, investigative detentions, and arrests. See State v.
Perez, 85 S.W.3d 817, 819 (Tex. Crim. App. 2002); Banda v. State,
317 S.W.3d 903 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Neutral or
consensual encounters do not implicate Fourth Amendment protections. See
Florida v. Bostick, 501 U.S. 429, 434 (1991). Law enforcement officers are
free to stop and question fellow citizens, without any justification required
for the request. See Hiibel v. Sixth Judicial Dist. Court of Nev., 542
U.S. 177, 185 (2004). Citizens, in turn, may terminate such encounters at will.
See Crain v. State, 315 S.W.3d 43, 49 (Tex. Crim. App. 2010). Even where
citizens are unaware that requests by officers may be ignored, the citizen’s
acquiescence does not cause the encounter to lose its consensual nature. See
I.N.S. v. Delgado, 466 U.S. 210, 216 (1984). We consider the totality of
the circumstances surrounding the interaction when determining whether a
reasonable person in the defendant’s shoes would have felt free to ignore the
request or terminate the interaction. Brendlin v. California, 551 U.S.
249, 255 (2007). If the defendant had an option to ignore the request or
terminate the interaction, then a Fourth Amendment seizure has not occurred. Id.
The surrounding circumstances, including time and place, are taken into
account, but the officer’s conduct is the most important factor when
determining whether an interaction was consensual or a Fourth Amendment
seizure. State v. Garcia-Cantu, 253 S.W.3d 236, 244 (Tex. Crim. App. 2008).

An encounter is no
longer consensual when an officer, either through force or a showing of
authority, restrains a citizen’s liberty. Brendlin, 551 U.S. at 254. At
this point, the encounter becomes either a detention or an arrest, both of
which are seizures under the Fourth Amendment. Crain, 315 S.W.3d at 49.
In cases involving detentions, courts must decide whether the detaining
officer had reasonable suspicion that the citizen is, has been, or soon will be
engaged in criminal activity. Florida v. Rodriguez, 469 U.S. 1, 5
(1984). With warrantless arrests, the inquiry is whether the arresting officer
had probable cause to believe the same. Atwater v. City of Lago Vista,
532 U.S. 318, 354 (2001). The State carries the burden of producing specific,
articulable facts showing probable cause. Amador v. State, 275 S.W.3d
872, 878 (Tex. Crim. App. 2009); Garcia v. State, 43 S.W.3d 527, 530
(Tex. Crim. App. 2001). To meet its burden, the State may present the specific
facts known to the officer at the moment the seizure occurred. Amador,
275 S.W.3d at 878; Davis v. State, 947 S.W.2d 240, 243 (Tex. Crim. App.
1997). In evaluating the facts offered, we employ “commonsense judgments and
inferences about human behavior.” Illinois v. Wardlow, 528 U.S. 119, 125
(2000).

In this case, Officers
Agee and Ruiz approached appellant as he stood alone in an open courtyard in
the middle of the night. Although they were on private property, the officers
were entitled to determine if appellant was trespassing because they received
authorization from the apartment complex to patrol the community for criminal
activity. This initial encounter constituted nothing more than a neutral
contact between officer and citizen. Indeed, during trial, Officer Ruiz testified
that appellant was doing nothing illegal to warrant an arrest.

Through their
questioning, however, the officers eventually obtained probable cause to arrest
appellant for public intoxication. At the beginning of their encounter, the
officers noticed that appellant had bloodshot eyes and smelled of alcohol.
Appellant later admitted that he had been drinking vodka and smoking marijuana.
Moreover, he had difficulty walking and his speech was slurred. Appellant was
only arrested once the officers formed the opinion that he posed a danger to
himself and to others. Because the State produced instances of specific,
articulable facts regarding appellant’s intoxication, we conclude that the
warrantless arrest was supported by probable cause. See Tex. Penal Code
Ann. § 49.02 (West 2010). We need not consider appellant’s argument
whether the officers also had probable cause to stop appellant for “loitering,”
an offense not defined in our Penal Code.

Evidence is admissible
if obtained by a search incident to a lawful arrest. Crane v. State, 786
S.W.2d 338, 347 (Tex. Crim. App. 1990). The arrest in this case was lawful, and
thus, appellant has not carried his burden of showing that a motion to suppress
would have been granted. Therefore, appellant cannot demonstrate that counsel
was ineffective for failing to request the motion to suppress or for failing to
object to the evidence produced.

Similarly, appellant has
not demonstrated that counsel was ineffective for failing to request an Article
38.23 instruction. Before a defendant is entitled to such an instruction, he
must show that (1) the evidence heard by the jury raises an issue of fact;
(2) the evidence on that fact is affirmatively contested; and (3) the
contested factual issue is material to the lawfulness of the seizure. See Tex.
Code Crim. Proc. Ann. art. 38.23; Madden v. State, 242 S.W.3d 504, 510
(Tex. Crim. App. 2007). Appellant has not identified a single factual issue
regarding the legality of his seizure, and we perceive none. The officers
initially approached appellant in a consensual encounter. Appellant was free to
ignore them, but by answering that he had been drinking earlier and by
demonstrating that he was presently intoxicated, he gave the officers probable
cause for his arrest. There is no indication that appellant was prejudiced by
not having the jury charged with an Article 38.23 instruction, and the record
is silent as to counsel’s reasons for not so requesting the instruction.
Appellant has failed to rebut the presumption that counsel’s conduct fell
within the wide range of reasonable professional assistance.




 

CONCLUSION

            We overrule appellant’s two issues and affirm
the judgment of the trial court.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson, Brown, and
Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).