**Affirmed and Memorandum Opinion filed July 25, 2017.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-16-00174-CR

**ROBERT CHARLES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 2019424**

## MEMORANDUM OPINION

In this appeal from a conviction for possession of marijuana, the sole question presented is whether the trial court abused its discretion by denying a motion to suppress. In ruling on that motion, the trial court determined that appellant's interaction with police began as a consensual encounter rather than as an investigative detention. Because the record supports a finding that appellant was free to leave after he was first approached by police, we conclude that the trial court did

not abuse its discretion by ruling that the interaction was a consensual encounter. We therefore affirm the trial court's judgment.

## BACKGROUND

After being arrested for possession of marijuana, appellant filed a motion to suppress, arguing that the marijuana was discovered as the result of an unlawful search and seizure. Testimony at the hearing on the motion offered conflicting accounts of the events leading up to the arrest, diverging primarily on the method by which police had approached appellant.

***The State's Version***. Appellant's arresting officer testified that he and his partner were working an extra job at an apartment complex to help enforce the complex's criminal trespass affidavit.[1] A tenant flagged down the officers to complain of heavy foot traffic stemming from two specific apartment buildings.

Upon arriving at the area where the tenant had complained, the officer observed two men, appellant and his friend, exiting a building and approaching a legally parked minivan in the parking lot. Appellant entered the front passenger's side of the van, while his friend took the driver's side and started the engine.

The arresting officer walked to the passenger's side, flashing appellant with his flashlight to alert him to his presence. The officer's partner approached the driver's side of the van. Appellant remained seated in the passenger seat with the door ajar as the officer approached. The officer then identified himself and explained that he and his partner were following up on a tenant's complaint.

At some point during this initial interaction, the officer smelled marijuana and told appellant that he was going to conduct a pat down because of the odor. Appellant

---

[1] A trespass affidavit is a document filed with the police by a property owner that authorizes officers to investigate and arrest individuals on the property for criminal trespass.

then stepped out of the van and consented to a search. During this pat down, the officer found a bag of marijuana in appellant's pocket.

***The Defense's Version***. Appellant and his friend contradicted much of the arresting officer's testimony in their recollection of the incident. The friend testified that appellant left the apartment building alone and walked over to the van, where the friend had been waiting in the driver's seat with the engine off. The friend claimed that the doors and windows of the van were closed by the time the officers approached with their flashlights, and that the arresting officer knocked on the passenger's side window, told appellant to step out of the van, and attempted to open the door from the outside. He further testified that the officer's partner was standing behind the van, preventing him from backing out. The friend also believed that he was not free at any point to leave or end the interaction.

Appellant reiterated much of his friend's testimony. He also alleged that the officer never told him that he smelled marijuana. Instead, he contends the officer asked what he was doing there, demanded he step out of the van, and accused him of criminal trespassing. Appellant admitted that he consented to the search. He claimed that the officer's partner was originally behind the van but conceded that the partner moved up to the driver's side window at some point during the interaction.

***The Trial Court's Ruling.*** At the end of the hearing, appellant argued that the initial interaction, everything up until the moment that the officer smelled the marijuana, was an investigative detention unsupported by reasonable suspicion. The trial court disagreed, finding that the interaction was a consensual encounter. The court explained its reasoning as follows:

> I think the keyword here is, you know, free to leave. And the issue is—
> and the one that you just read and the main issue is that the officers

positioned their vehicle to block the person in; and in this encounter, that didn't happen. Now, by the testimony of the Defense's witnesses, saying that the officer stayed in the back to block him in while the other officer approached the side, the passenger's side, and pulled him out, through my experience in 30 years of doing the same thing, that never would an officer stay in the back while one officer approached one side. For safety reasons, he would be all over the driver's side of the vehicle, just for the other officer's safety. And, therefore, I don't think that that—the witness' testimony in regards to that is credible, and I think— I do believe that it was an encounter; it was not an investigation; and once he did smell the marijuana, it did turn into a police investigation and he had the right, then, to do a pat down and search.

After the trial court denied the motion to suppress, appellant pleaded guilty to possession of marijuana while preserving his right to appeal.

## ANALYSIS

There are three distinct categories of interactions between police officers and citizens: (1) consensual encounters, (2) investigative detentions, and (3) arrests. *State v. Perez*, 85 S.W.3d 817, 819 (Tex. Crim. App. 2002). In determining which category an interaction falls into, courts look at the totality of the circumstances. *Gurrola v. State*, 877 S.W.2d 300, 302–03 (Tex. Crim. App. 1994). An encounter is a consensual interaction which the citizen is free to terminate at any time. *Perez*, 85 S.W.3d at 819. Unlike an investigative detention and an arrest, an encounter is not considered a seizure that would trigger Fourth Amendment protection. *Id*. An encounter takes place when an officer approaches a citizen in a public place to ask questions, and the citizen is willing to listen and voluntarily answers. *Id*.

On the other hand, an investigative detention occurs when a person yields to the police officer's show of authority under a reasonable belief that he is not free to leave. *Crain v. State*, 315 S.W.3d 43, 49 (Tex. Crim. App. 2010). When the court is conducting its determination of whether the interaction constituted an encounter or

4

a detention, the court focuses on whether the officer conveyed a message that compliance with the officer's request was required. *Id*. The question is whether a reasonable person in the citizen's position would have felt free to decline the officer's requests or otherwise terminate the encounter. In determining what factors may contribute to what a reasonable person might have perceived during a given interaction with an officer, the United States Supreme Court opinion in *Mendenhall* is instructive:

> Examples of circumstances that might indicate a seizure . . . would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.

*United States v. Mendenhall*, 446 U.S. 544, 554 (1980).

To suppress evidence on an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986). A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant. *Bishop v. State*, 85 S.W.3d 819, 822 (Tex. Crim. App. 2002). Once the defendant has made this showing, the burden of proof shifts to the State where it is required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable. *Id*.

In reviewing a trial court's ruling on a motion to suppress, we view all of the evidence in the light most favorable to the trial court's ruling. *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007). When the trial court does not make explicit findings of fact, we infer the necessary factual findings that support the trial court's ruling if the record evidence (viewed in the light most favorable to the ruling) supports these implied fact findings. *State v. Kelly*, 204 S.W.3d 808, 819 (Tex. Crim.

App. 2006). Thus, we afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the court's implicit fact finding is based on an evaluation of credibility and demeanor. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We review de novo the trial court's ruling on pure questions of law, or of mixed questions of law and fact not turning on an evaluation of credibility and demeanor. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008).

Appellant had the initial burden of proving that a seizure occurred when the police approached him in the parking lot, before the odor of marijuana was even detected. *See State v. Woodard*, 341 S.W.3d 404, 413 (Tex. Crim. App. 2011). Appellant produced evidence that his interaction was an investigative detention, but the trial court disagreed with that conclusion, and the evidence supports the trial court's finding that the interaction was just a consensual encounter.

When viewed in the light most favorable to the trial court's decision, the evidence showed that the police approached appellant on foot to ask questions regarding a tip. The arresting officer testified that he walked to the passenger's side door, using his flashlight to alert appellant to his presence. The officer's partner walked to the driver's door. Neither officer blocked the vehicle from leaving. The officers' presence was not threatening; there was no evidence that they used a loud, authoritative voice; and they did not brandish their weapons or physically touch appellant. Based on this record, the trial court could have reasonably concluded that a reasonable person in appellant's situation would have felt free either to speak with police or to terminate the interaction. *See Jordan v. State*, 394 S.W.3d 58, 63 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (holding that an interaction where two officers approached the defendant in a stationary car was a consensual encounter).

6

Appellant counters that the officer's use of a flashlight was evidence of a detention, comparing the facts before us to those in *Johnson v. State*, 414 S.W.3d 184 (Tex. Crim. App. 2013). However, the interaction in *Johnson* involved patrol car spotlights, and there were other circumstances establishing a Fourth Amendment detention. The officer in *Johnson* partially blocked the defendant's car, used a loud authoritative voice, demanded identification, and may have even brandished his service pistol. *Id.* at 189, 193. Those circumstances are absent in this case. The flashlight here was used to alert appellant to the officer's presence. The mere use of a flashlight does not necessarily indicate that a reasonable person would believe that he was being detained. *See Garcia-Cantu*, 253 S.W.3d at 245 n.43 ("Thus, the use of a spotlight, by itself, is not a circumstance that necessarily converts a consensual encounter into a Fourth Amendment detention."); *see also Neale v. State*, No. 14-15-00553-CR, — S.W.3d —, 2017 WL 2384692, at *4 (Tex. App.—Houston [14th Dist.] June 1, 2017, no pet.) (game warden's use of flashlight to alert boater to her presence not sufficient to create an investigatory detention).

Appellant also argues that his interaction was a detention because the arresting officer testified that he approached appellant for the purpose of investigating him "to a degree." But, as the Court of Criminal Appeals recognized in *Garcia-Cantu*, "an officer's subjective intent 'to investigate' is relevant only to the extent to which such an intent is communicated to the citizen by means of an authoritative voice, commanding demeanor, or other objective indicia of official authority." *Id.* at 244 n.41. Considering the record in the light most favorable to the trial court's findings, there is no evidence that the officer conveyed to appellant that he specifically was under investigation; rather, there was only evidence that the officer approached appellant to ask him questions. *See Crain*, 315 S.W.3d at 49 ("An encounter takes place when an officer approaches a citizen in a public place to ask questions, and the

citizen is willing to listen and voluntarily answers."); *Woodard*, 341 S.W.3d at 412–13 (holding that an interaction was a consensual encounter even though the officer "stopped" the citizen to make an inquiry about an accident).

Looking at the interaction between the police and appellant in the light most favorable to the trial court's ruling, we have a clear picture of the encounter. The police approached the car in a way that did not block it from backing out of the parking spot, used their flashlights to alert the car's occupants to their presence, and initiated a conversation with the passenger of the vehicle who was sitting with the door open. These circumstances would not have led the reasonable person to believe that he was not free to end the interaction. Therefore, the trial court did not abuse its discretion by concluding that the interaction was a consensual encounter and by denying appellant's motion to suppress.

## CONCLUSION

The judgment of the trial court is affirmed.


/s/    Tracy Christopher
Justice


Panel consists of Justices Christopher, Busby, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).